## SNEED et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9560.

Circuit Court of Appeals, Fifth Circuit.

July 17, 1941.

For former opinion, see 119 F.2d 767.

Harry C. Weeks, of Fort Worth, Tex., and H. C. Pipkin, of Amarillo, Tex., for petitioners.

Joseph M. Jones and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Irving M. Tullar, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The motion for rehearing goes largely upon a misapprehension of our opinion. The restoration to income in 1936 is not made because it then became certain "that the areas in question would never produce gas." It was because it then became certain that there would be no production under the leases for which the bonuses had been received. The whole question turns about the bonuses and whether they really represent any depletion, and not about a possible productivity of the lands.

The actual depletion of gas under these lands through wells drilled under other leases is compensated by the depletion allowances made at those wells. There would be a double allowance if it were also allowed here.

The bonuses in question are, it is argued, "income from the property" under the statute whether in 1926 or 1936. But in 1936 they did not, as was assumed in 1926, represent any depletion. The statute, Sec. 204(c) (2), 26 U.S.C.A. Int.Rev.Acts, page 154, in fixing the percentage depletion begins: "In the case of oil and gas wells the allowance for depletion shall be 27½ per centum," etc. If throughout the term of the lease there be no producing oil or gas well, and a fortiori if there be no well at all on the property, this provision does not apply. Equally under the general provision for "a reasonable allowance for depletion", Sec. 214(9), 26 U.S.C.A. Int.Rev. Acts, page 167, it is unreasonable to permit an allowance for depletion when no well is ever opened.

The motion for rehearing is denied.